AMBROSE BURGESS *v.* BETSEY GATES, Executrix of WILLIAM
GATES.

IN CHANCERY.

The claim for *mesne* profits, after judgment in favor of the plaintiff in ejectment,
is local, in this state, in New Hampshire, and at common law.

Such claim does not survive against an executor, either at common law, by the
statute of 4 Edw. III, or by the law of New Hampshire.

Although such cause of action, accruing in this state, would survive by the Re-
vised Statutes of 1839, yet if it accrue in New Hampshire, the testator residing
in this state, it would die with the person, and cannot be allowed by the com-
missioners of insolvency upon the testator's estate, in this state.

But if this were otherwise, the claim is of such a character, that it must be pre-
sented before the commissioners of insolvency, or it will be barred. And if
the party omit so to present it, a court of chancery cannot grant him any relief,
in the absence of fraud, or accident.

APPEAL from the court of chancery. The orator had recovered
judgment against the defendant's testator, in an action of ejectment,
in New Hampshire, for the seizin and possession of land situated in
that state, the testator having his residence at the time, and until his
decease, in Vermont. The testator claimed title to the land by
virtue of a deed, absolute in form, but intended to secure a debt due
from the grantor to the testator; and the orator recovered in the
ejectment by virtue of the title acquired by him by levy upon the
land, as the property of the grantor, subsequent to the testator's
deed, for a debt due to himself from the grantor. After judgment
for the orator, in the action of ejectment, the testator brought a writ
of review, and, pending that, deceased. The will of the testator
was duly proved in the probate court in this state, and commission-
ers were appointed to examine and allow all claims against the es-
tate, and made their final report, and the administration of the estate
was duly closed, and the residue of the estate was decreed to the
defendant as residuary legatee. The writ of review was discontin-
ued, after the time limited for presenting claims for allowance by

the commissioners had expired. There was no property and no administration in New Hampshire. The orator presented no claim, before the commissioners, for the *mesne* profits which accrued to the testator, pending the action of ejectment, in New Hampshire, and now claimed to recover them in this suit.

The court of chancery dismissed the bill; from which decree the orator appealed.

*Walker & Kellogg* for orator.

Although at law actions connected with and growing out of the realty are *local,* in chancery it is otherwise. When the decree is not to operate directly upon the land, and the parties are within the jurisdiction, and complete justice can be done, the court will take jurisdiction. *Massie* v. *Watts,* 6 Cranch 160. Fonbl. Eq. 54 n. Story's Confl. of Laws 455.

It is objected, that at common law the action of trespass for *mesne* profits did not survive. If, technically, the form of action did not survive, the cause of action did,—the estate having received a benefit. *Knox* v. *Knox,* 12 N. H. 352. *Hambly* v. *Trott,* Cowp. 371. *Jones* v. *Hoar,* 5 Pick. 285. But if neither the form nor cause of action survive in New Hampshire, it is sufficient, if they survive in Vermont,—which they do. Rev. St. 269, §§ 10, 12.

A defence to the bill, set up by the answer, is, that the claim of the orator is barred, because not presented to the commissioners. Only those claims are barred, because not presented to the commissioners, which are proper to be allowed. Rev. St. 279, § 13. This statute is to be construed in connection with the one in relation to contingent claims. This claim was, while the writ of review was pending, a contingent claim, liable to be defeated by the result of that proceeding, and, as such, could not properly be allowed. *Jones* v. *Cooper,* 2 Aik. 54. *Blackmer* v. *Blackmer,* 5 Vt. 355. *Lowry* v. *Stevens,* 6 Vt. 116.

The defendant has undertaken to show, that, by the law of New Hampshire, the orator's right of action for *mesne* profits was perfect immediately upon the judgment in his favor, and that the pendency of the writ of review in no way affected that right. It may be true, that his right to bring an action was perfect; yet it neverthe-

less appears, that the right of recovery was contingent, and liable to be defeated by a reversal of the original judgment, in the action for *mesne* profits.

*W. Heywood, Jr.*, for defendant.

This is a case of purely legal jurisdiction. The appropriate remedy is an action of trespass for *mesne* profits; and that is a local action. It is attempted to establish a fraud; but if Gates occupied the land without right, or color of right, it was a trespass; or if he occupied it under a deed void for fraud, as against the complainant, such occupancy was a trespass. *Goodtitle v. North,* Doug. 584. *Buck* v. *Wright,* 1 T. R. 378. *Aslin* v. *Parkin,* 2 Burr. 665.

The action of trespass for *mesne* profits could not, in England, be brought by or against an executor, or administrator; and this continued to be the law, until the statute of 3 & 4 Wm. IV, c 42, sec. 3, which changes the common law in a limited manner. 1 Chit. Pl. 195. *Pultney* v. *Warren,* 6 Ves. 80. And this is still the law of New Hampshire, except that their statute has provided, that suits commenced previous to the decease of the party to the trespass may be prosecuted to final judgment. Since, then, the cause of action was local, and it died with the person by the law of New Hampshire, there is no foundation for this action. When a claim is barred at law, a court of equity will not interfere to revive it. *Tharp* v. *Tharp.* 15 Vt. 105.

But it is said, that the cause of action, by reason of the pendency of the writ of review, did not accrue, until after the close of the the commission upon the testator's estate. The action of review, in New Hampshire, is not a continuation of the original action, as is a review in Vermont, but is more in the nature of a writ of error. Stat. of N. H., 386, 365, 366. *Little* v. *Bunce,* 7 N. H. 485. 6 N. H. 391. 7 Mass. 25. The writ of review did not suspend the right to bring the action of trespass for *mesne* profits. 12 Petersd. Ab. 620. 1 Chit. Pl. 193. Cro. Eliz. 540.

If the orator's claim could be enforced in this state, it was a proper claim to present before the commissioners, and it is barred by not having been so presented.

Burgess v. Gates, Ex'rx.

The opinion of the court was delivered by

REDFIELD, J. There seem to us to be three difficulties, or doubts, in regard to maintaining the present suit;—1. Whether the right of action survives, so that, had it been presented in proper time, it could have been allowed by the commissioners? 2. If that be so, whether chancery has any appropriate jurisdiction in the case? 3. Whether the whole matter is not barred by the omission to present it before the commissioners?

I. In regard to the first point, it seems very clear to me, that, during the life time of the parties, such a claim as the present is local. It is so, certainly, by our statute. It seems clearly to be so, at common law. And it seems to be so held by the New Hampshire courts, and so esteemed by the bar there.

II. We think it clear, that by the law of New Hampshire, where the cause of action accrued, and where it was strictly local, it did not survive, but died with the party. At common law, all actions of *tort*, both for and against executors and administrators, died with the person. 9 Petersd. Ab. 342; *Wheatty* v. *Lane*, 1 Saund. R. 209, n. 1; Bac. Ab., Tit. *Ex'r & Adm'r*, P, 2. And as the statute of 4 Edw. III., ch. 7, gave no remedy *against* executors or administrators, for torts committed *by* the testator or intestate, no action in the English courts can now be maintained, where the proper plea is *not guilty*. This is the rule laid down in the case of *Hambly* v. *Trott*, Cowp. 372; and that case seems to have been followed in England, although sometimes doubted in the American courts. Greenleaf's Cases Overruled, 162. Hence we infer, that an action like the present would not survive, either at common law, or by the statute of Edward. The rule in regard to actions in *favor* of executors, under the statute of Edward, is more favorable, it being the express object of that statute to make it so.

III. By the statute of this state, since the revision in 1839, we suppose such a cause of action, accruing in this state, will survive against the executor. And as this is the principal administration, all *transitory* causes of action should properly be here presented.

At the time this opinion was delivered, I was inclined to think, that, if this difficulty were the only one in the case, it would not be wholly insurmountable. But, upon farther reflection, I more incline to believe it is. For unless that be so, we give the claimant an ad-

42

Burgess *v*. Gates, Ex'rx.

vantage he is not entitled to, by the law of the place where the cause of action accrued, and where it was strictly local, by regarding both the *locality* of the action, and its *demise* with the person, as something pertaining exclusively to the *remedy*. I now think it goes beyond the remedy, and is a fatal infirmity in the cause of action itself. I see no reason, why this plaintiff, in presenting his claim before commissioners, should stand any better chance of recovery, than he would against the testator in his lifetime; or why he should be in any better condition, than if the administration were in the *forum*, where the cause of action accrued. I think it safe to affirm, as a general rule, that if the action could not be maintained against the testator, it cannot be against the executor,—but not *vice versa*. I think the *demise of the action with the person* may be treated as of the remedy perhaps, and so not affect a mere *transitory* cause of action; but as applicable to a cause of action strictly local, I think it may be otherwise; or at all events, that, the cause of action remaining local, it is, by the decease of the person, effectually gone for all purposes.

In regard to the second general question in the case, it seems to us very clear, that a court of chancery has not any appropriate jurisdiction of cases like the present. It is difficult to say, under what department of chancery jurisdiction this case is to be brought. It is hardly allowable to suppose, that the orator or his counsel expect to succeed upon the ground of fraud. This cause of action does not necessarily depend upon the character of the infirmity in the testator's title to the land. There is no doubt the testator supposed he had good title to the premises; and no doubt that he had good title, by the law of this state, where the testator resided, and with reference to which he acted. But by the law of New Hampshire he was guilty of a constructive fraud, in not taking a technical mortgage to secure his debt, instead of an absolute deed, as he did, letting the defeasance rest in parol.

So, also, what the testator did in resisting the claim of this orator, this court have no doubt was done in the most perfect good faith. The conduct of a party, in prosecuting or defending a claim in a court of justice, can never, I apprehend, be any ground of relief in a court of equity, upon the ground of fraud, or obstinacy.

We think, too, that there is nothing of that kind of accident in

this case, which will give a court of equity jurisdiction of the matter. All that is urged in argument, as we understand the counsel is, that the claim was contingent at the time the commission closed, by reason of the pendency of the writ of review. The counsel, learned in the law in the state of New Hampshire, and they are known to the court to be of the very highest respectability, do not consider, that the writ of review interposed any impediment in the way of the plaintiff's prosecuting his claim for *mesne profits.* And it does not appear to us, that this judgment upon the title to the land was any more contingent, by reason of the pendency of the writ of review, than every judgment is, while it may be so reached by any process, as to defeat its final execution. This may be done in almost any supposable case, by petition for new trial, *audita querela,* writ of error, or injunction from the court of chancery.

We have no doubt, that at common law the owner of land may, by an entry upon the land, and thus re-investing himself with the actual seisin, sustain trespass for *mesne profits,* without bringing ejectment at all. It is testified to us, that by the law of New Hampshire the owner of land may maintain such action, upon the mere force of his title, without an entry even. And there can be no doubt whatever, that, upon an entry merely, the plaintiff's claim for *mesne* profits would have become perfect, without reference to the judgment. The portion of the argument, which goes to show, that the claim is contingent, applies mainly, and is so treated by the counsel, to the next point in the defence, upon the ground, that, being contingent at the time the commission closed, by the statute, it would not be required to be allowed, and, if not allowed, might still be good against the assets in the hands of the defendant;—and that a court of equity is the appropriate tribunal to seek redress in such case.

But to the court it seems impossible to doubt, that this claim, whatever it was, is fully barred, by not being presented before the commissioners. It may indeed be true, that a matter of exclusive chancery jurisdiction might not be so barred, by not being presented to the commissioners. *Sparhawk* v. *Adm'r of Buel,* 9 Vt. 42. Perhaps it may be somewhat questionable, whether even this exception be at all necessary. I see not why commissioners of an insolvent estate may not, in the first instance, have jurisdiction of merely

equitable claims, without objection. To that extent the rule is settled. But beyond that there is no necessity whatever, that a court of equity should entertain jurisdiction, after the commission is closed. If that were to be done in cases like the present, it must be merely to get rid of the statute bar,—which certainly is not allowable. No one can reasonably entertain a doubt, that this suit was instituted in the court of chancery, because the commission was closed, hoping that that court might devise some means, by which the operation of that bar might be escaped from. But the thing seems to us impossible, short of the utter confusion of all distinctions between the jurisdiction of courts of chancery and of common law.

The bill was properly dismissed by the chancellor, and his decree is affirmed, with additional costs.

Cause remanded to the court of chancery.